statute of this state and his answer was to go ahead. There was no plea of accord and satisfaction in defendant's answer and defendant offered no proof on its general denial.

It is very clear that the defendant retained and held, reserved and charged a greater rate for the use of the money than ten per cent. per annum and in an amount far beyond the statutory contract rate for the use of the money, and in the cases cited above, the form of the transaction makes no difference, it is usury if the rate of interest taken, charged, reserved and received is unlawful. There is sufficient evidence in this case to put the defendant upon his proof, and it never did furnish the plaintiffs any statement in justification of the reservation of the $1,701.96 and the court should have compelled it to allege as a defense and prove in its defense, and show and give a lawful reason whereby such amount was reserved.

Following the rule laid down by this court that all evidence favorable to the demurrant must be excluded where a demurrer is filed to the evidence of the opposing party, we are of the opinion that the evidence introduced by plaintiffs was sufficient to carry the case to the jury, and if unexplained, to sustain the judgment asked for in the petition in this cause, and it, therefore, follows that, in our opinion, the court committed reversible error in sustaining the demurrer to plaintiffs' evidence and for this reason, the cause is reversed, with orders to the trial court to grant a new trial.

By the Court: It is so ordered.

---

## FREEMAN v. BETTIS.

No. 13574—Opinion Filed June 24, 1924.

### 1. Case Followed.

The syllabus in Abraham v. Homer, 102 Okla. 12, 226 Pac. 45, is adopted as the syllabus in this case.

### 2. Judgment Sustained.

Record examined; held, to support the judgment.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Love County; B. C. Logsdon, Judge.

Action by Maudie Bell Freeman against H. S. Bettis et al., to quiet title. Judgment for defendants, and plaintiff brings error. Affirmed.

Kent V. Gay, for plaintiff in error.

Keller & Cameron and Cruce & Potter, for defendants in error.

Opinion by STEPHENSON, C. As Abraham v. Homer, decided April 8, 1824, is controlling in this appeal, it is recommended that the cause be affirmed.

By the Court: It is so ordered.

---

## GARR v. MINNICK.

No. 13937—Opinion Filed June 24, 1924.

### 1. Damages—Stipulated Damages — Validity.

Section 5067, Comp. Stat. 1921, defines the penalty in a contract for breach where there are no damages or where the damages are easily ascertained and declares the same invalid. Section 5069, Comp. Stat. 1921, defines a penalty in a contract for breach as liquidated damages where from the nature of the case there would be damages in case of breach and it would be impracticable or extremely difficult to fix the actual damages, and declares same valid.

### 2. Same—Liquidated Damages from Default of Oil Lessee.

Where an oil and gas lease contract that provides that the lessee shall commence drilling the first well within 60 days from a specified date or forfeit all rights under the same, and the lease provides for no rentals, but for royalty only, and the parties enter into an agreement in writing that the lessee is to place $1,000 in a certain bank, and the lease contract and said written contract are placed in the custody of the bank with instruction in the written contract that the bank shall deliver to the lessor the $1,000 and the lease contract, if the lessee fails to commence drilling on the lands leased within 60 days from the said date, and suit is brought on said contract, it is the duty of the court to construe the $1,000 as liquidated damages under section 5069 Comp. Stat. 1921, and not a forfeiture penalty under section 5067, Comp. Stat. 1921.

### 3. Oil and Gas—Leases—Action by Lessor for Breach of Drilling Contract—Breach of Warranty of Title as Defense.

Where the lessor in an oil and gas lease warrants the title to the lessee as a clear title, and at the same time there is a void lease of record against the title, of which the lessee has actual knowledge and has an interest in same on the face of the record, and the parties enter into a written contract to extend the time for lessee to commence drilling until 60 days after the cloud is removed by action in court on part of the lessor, and the cloud is removed by such